UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | MC 24-00164 MRA (RAOx) | Date: | January 7, 2025 |
| Title: | In Re Third Party Subpoenas Issued to Florence Paau | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   **ORDER TO SHOW CAUSE**

On December 23, 2024, Movant American Airlines, Inc. ("Movant") filed a Motion to Compel Compliance with Subpoenas Issued to Non-Party Florence Paau ("Paau"). Dkt. No. 1. There are two subpoenas at issue—a subpoena for production of documents and a deposition subpoena. Dkt. Nos. 1-5, 1-6. The address listed for Paau on both subpoenas and the proof of service is in Oceanside, CA. *Id.*; *see also* Dkt. Nos. 1-7, 1-8. The deposition subpoena provides that the deposition will take place by videoconference. Dkt. No. 1-6. The documents subpoena lists an address of compliance in Los Angeles, CA. Dkt. No. 1-5.

Motions related to subpoenas must be brought in the district of compliance. *See* Fed. R. Civ. P. 45(d)(3), (f), (g); *see also* Fed. R. Civ. P. 45, Advisory Committee's Note to 2013 Amendment ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c).").

As to the deposition subpoena, it appears that the district of compliance is the Southern District of California, in light of Paau's address in Oceanside, CA, a city within San Diego County. *See* Fed. R. Civ. P. 30(b)(4) ("[T]he deposition takes place where the deponent answers the questions."). As to the documents subpoena, although a subpoena-related motion could be heard in this district, it appears that the motion could also be heard in the Southern District of California in light of Paau's location. *See York Holding, Ltd. v. Waid*, 345 F.R.D. 626, 628-630 (D. Nev. 2024) (collecting cases finding that location of subpoenaed nonparty is district of compliance).

The Court therefore orders Movant to show cause as to why this matter should not be transferred to the Southern District of California. Movant's response shall be due by **January 14,**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  MC 24-00164 MRA (RAOx)                                    Date:  January 7, 2025
Title:  In Re Third Party Subpoenas Issued to Florence Paau

**2025**.  Alternatively, Movant may dismiss this matter without prejudice and re-file it in the Southern District of California.

**IT IS SO ORDERED.**

:
Initials of Preparer        er